**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

LARRY JONES,                         :
                                      :    Civil Action No. 05-5088 (DMC)
        Petitioner,          :
                                      :
        v.                    :    **OPINION**
                                      :
ALFARO ORTIZ, et al.,                :
                                      :
        Respondents.         :

**APPEARANCES:**

Petitioner <u>pro se</u>
Larry Jones
227254
East Jersey State Prison
SBI # 673174A
Lock Bag R
Rahway, NJ 07055

**CAVANAUGH**, District Judge

    Petitioner Larry Jones, a prisoner currently confined at East Jersey State Prison in Rahway, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] and an application to proceed in forma pauperis pursuant

---

[1] Section 2254 provides in relevant part:

(a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

to 28 U.S.C. § 1915(a).  The respondents are Warden Alfaro Ortiz and the Attorney General of the State of New Jersey.

Based on his affidavit of indigence, the Court will grant Petitioner's application to proceed in forma pauperis.  Notice has not been given pursuant to Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), because it appears from a review of the Petition that it is untimely.  Accordingly, the Court will dismiss the Petition.  See 28 U.S.C. § 2243.

## I.  BACKGROUND

Petitioner asserts that, on November 10, 1986, he was convicted in the Superior Court of New Jersey, Law Division, Passaic County, of murder, robbery, kidnapping, and related charges.  He was sentenced to life imprisonment, with a parole ineligibility of 45 years.  In an unpublished opinion dated May 19, 1989, the Appellate Division affirmed Petitioner's conviction.  Petitioner's motion for certification was denied by the New Jersey Supreme Court on December 5, 1989.

On March 19, 1990, Petitioner filed his first state court motion for post-conviction relief, which was denied on April 18, 1990.  The Appellate Division affirmed the denial of relief on March 26, 1992.  The New Jersey Supreme Court denied certification on June 23, 1992.  Thereafter, Petitioner filed several additional state-court motions for post-conviction relief.

As grounds for relief in this Petition,[2] Petitioner alleges that the state court improperly denied his motion for post-conviction relief as untimely, that he was interrogated without counsel, that Illinois police officers withheld evidence, that Illinois police officers tortured him to obtain his confession in 1985 (as evidenced by a report Petitioner obtained in 1999), use of perjured testimony, prejudicial pre-trial identification procedures, ineffective assistance of counsel, sentencing errors, and a manifestly excessive sentence.

>   II.   STANDARDS FOR A SUA SPONTE DISMISSAL

United States Code Title 28, Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be

---

[2] The Petition is dated October 15, 2005, and was received by this Court on October 27, 2005. "[A] pro se prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court." Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1999) (citing Houston v. Lack, 487 U.S. 266 (1988)).

construed liberally and with a measure of tolerance.  See <u>Royce v. Hahn</u>, 151 F.3d 116, 118 (3d Cir. 1998); <u>Lewis v. Attorney General</u>, 878 F.2d 714, 721-22 (3d Cir. 1989); <u>United States v. Brierley</u>, 414 F.2d 552, 555 (3d Cir. 1969), <u>cert. denied</u>, 399 U.S. 912 (1970).  Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief.  See <u>Lonchar v. Thomas</u>, 517 U.S. 314, 320 (1996); <u>Siers v. Ryan</u>, 773 F.2d 37, 45 (3d Cir. 1985), <u>cert. denied</u>, 490 U.S. 1025 (1989).  <u>See also</u> 28 U.S.C. §§ 2243, 2254, 2255.

### III.  ANALYSIS

The limitation period for a § 2254 habeas petition is set forth in 28 U.S.C. § 2244(d), which provides in pertinent part:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> ...
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

Thus, evaluation of the timeliness of a § 2254 petition requires, first, a determination of the "latest" of the various potential starting dates and, second, the period of time during which an application for state post-conviction relief was "properly filed" and "pending."

A state-court criminal judgment becomes "final" within the meaning of § 2244(d)(1) by the conclusion of direct review or by the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court.  See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999); U.S. Sup. Ct. R. 13.

As noted above, the limitations period is tolled during the time a properly filed application for state post-conviction relief is pending.  28 U.S.C. § 2244(d)(2).  An application for state post-conviction relief is considered "pending" within the meaning of § 2244(d)(2), and the limitations period is statutorily tolled, from the time it is "properly filed,"[3] during

---

[3] "[A]n application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite

5

the period between a lower state court's decision and the filing of a notice of appeal to a higher court, Carey v. Saffold, 122 S.Ct. 2134 (2002), and through the time in which an appeal could be filed, even if the appeal is never filed, Swartz v. Meyers, 204 F.3d at 420-24.  However, "the time during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the one year statute of limitations under 28 U.S.C. § 2244(d)(2)."  Stokes v. District Attorney of the County of Philadelphia, 247 F.3d 539, 542 (3d Cir.), cert. denied, 122 S.Ct. 364 (2001).

   The limitations period of § 2244(d) is also subject to equitable tolling.  Fahy v. Horn, 240 F.3d 239, 244 (3d Cir.), cert. denied, 122 S.Ct. 323 (2001); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999); Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998).  Equitable tolling applies

> only when the principles of equity would make the rigid application of a limitation period unfair.  Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or

---

filing fee.  In some jurisdictions the filing requirements also include, for example, preconditions imposed on particular abusive filers, or on all filers generally. But in common usage, the question whether an application has been "properly filed" is quite separate from the question whether the claims contained in the application are meritorious and free of procedural bar.  Artuz v. Bennett, 531 U.S. 4, 8-9 (2000) (footnotes and citations omitted).

> her rights.  The petitioner must show that he or she
> exercised reasonable diligence in investigating and
> bringing [the] claims.  Mere excusable neglect is not
> sufficient.

Miller, 145 F.3d at 618-19 (citations omitted).  Among other things, the Court of Appeals for the Third Circuit has held that equitable tolling may be appropriate "if the plaintiff has timely asserted his rights mistakenly in the wrong forum," i.e., if a petitioner has filed a timely but unexhausted federal habeas petition.  Jones, 195 F.3d at 159.  See also Duncan v. Walker, 533 U.S. 167, 183 (2001) (Stevens, J., joined by Souter, J., concurring in part) ("neither the Court's narrow holding [that the limitations period is not statutorily tolled during the pendency of a premature federal habeas petition], nor anything in the text or legislative history of AEDPA, precludes a federal court from deeming the limitations period tolled for such a petition as a matter of equity"); 533 U.S. at 192 (Breyer, J., dissenting, joined by Ginsburg, J.) (characterizing Justice Stevens's suggestion as "sound").

Where a conviction became final prior to April 24, 1996, the effective date of § 2244(d), a state prisoner has a one-year grace period after that effective date to file a § 2254 petition.  Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998).  Thus, unless Petitioner has alleged facts suggesting a later starting date, he had until April 24, 1997, to file his federal habeas petition.

Petitioner had a state-court motion for post-conviction relief pending on April 24, 1997.  Thus, the limitations period was tolled until the New Jersey Supreme Court denied certification on June 30, 1998.  Absent tolling based upon some other ground, or a later starting date for the running of the limitations period, Petitioner had until June 30, 1999, to file his federal habeas petition.

The only fact pleaded by Petitioner that suggests a later starting date for the limitations period is his allegation that he obtained a report in 1999 demonstrating that police lied when they said he confessed.  Even if this Court were to deem this an allegation of newly-discovered evidence that could not have been obtained sooner through the exercise of due diligence, Petitioner filed another state motion for post-conviction relief on June 7, 1999, which was denied; that denial was affirmed by the Appellate Division on October 3, 2001.  The New Jersey Supreme Court denied certification on March 6, 2002, substantially more than one year before this Petition was filed.  Petitioner has alleged no facts suggesting a basis for equitable tolling.  Accordingly, the Petition is untimely and must be dismissed.

### IV.  CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Jurists of reason would not find this Court's determination debatable, and no certificate of appealability shall issue.

## V.   CONCLUSION

For the reasons set forth above, the Petition will be dismissed with prejudice.  An appropriate order follows.


                                    S/ Dennis M. Cavanaugh
                                    Dennis M. Cavanaugh
                                    United States District Judge
Dated: 1/25/2006